IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES TALBERT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TAMI LEVIN | : | NO. 15-279 |
| LESLIE DAVILA | : | |

FILED
JAN 29 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**PRATTER, J.**                                                                 **JANUARY 28, 2015**

Charles Talbert, a prisoner incarcerated at the Curran-Fromhold Correctional Facility, filed a petition for a writ of mandamus against Tami Levin and Leslie Davila—individuals employed by the Victim-Witness Unit of the Philadelphia District Attorney's Office. He seeks leave to proceed *in forma pauperis*. The Court will grant Mr. Talbert leave to proceed *in forma pauperis* and dismiss his mandamus petition as frivolous.

Mr. Talbert alleges that between 2000 and 2001, he assisted the Philadelphia District Attorney's Office with a homicide investigation. After Mr. Talbert testified at trial, the coordinator of the Victim-Witness Unit at the time relocated him to Chester, Pennsylvania. Mr. Talbert alleges that in retaliation for his testimony, he was shot in 2011, he has been threatened, and he was "jumped by several street thugs." He claims it is rumored that there is a contract to kill him and that, once he is released from prison, his life will be at risk. Mr. Talbert asserts that Ms. Levin and Ms. Davila have a duty to relocate all victims of or witnesses to violent crimes who are under threat of serious injury in retaliation for their testimony. Nevertheless, they allegedly refused to relocate Mr. Talbert even though he presented them with the proper paperwork. Accordingly, Mr. Talbert filed the instant petition for a writ of mandamus asking the Court to direct the defendants to relocate him to another state upon his release and seeking

damages. He attached to his petition a "Motion for Peremptory Judgment," in which he argues that the Court should award him the relief sought in his petition.

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. However, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss this action if it is frivolous. An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

"The federal courts[] . . . have no general power in a mandamus action to compel action[] . . . by state officials." *In re Jones*, 28 F. App'x 133, 135 (3d Cir. 2002) (per curiam) (citing *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988)); *see also Nelson v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 230 F.3d 1353 (4th Cir. 2000) (per curiam) (unpublished table disposition) ("[W]e affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies."); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (explaining that the district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"). Accordingly, the Court is without authority to compel the defendants to relocate Mr. Talbert upon his release from prison. The Court will therefore dismiss Mr. Talbert's mandamus petition as legally frivolous. He will not be given leave to amend because amendment would be futile.[1] An appropriate order follows, which shall be docketed separately.

---

[1] Mr. Talbert may move in state court for the relief he seeks, if appropriate. Furthermore, if he is seeking damages for any constitutional violations, he must file a civil rights action rather than a mandamus petition.

2